UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

United States of America,                                              Crim. No. 15-260(10) (PAM/TNL)

               Plaintiff,

v.                                                                                                          **ORDER**

David Lawrance Bennett,

               Defendant.
_____

This matter is before the Court on Defendant David Lawrance Bennett's Motion for Compassionate Release under the First Step Act. Bennett asserts that he has underlying health conditions that make him susceptible to complications from COVID-19 and asks the Court to order the BOP to release him to supervised release. For the following reasons, the Court grants the motion.

**BACKGROUND**

In March 2016, Bennett pled guilty to his role in a conspiracy to distribute large quantities of methamphetamine. Despite a lengthy criminal history, the Court departed significantly from the applicable guidelines sentencing range, noting that Bennett's background "involves some of the most horrific childhood circumstances this Court has ever seen." (Docket No. 791 at 3.) The Court sentenced Bennett to 135 months' imprisonment, to be followed by 5 years of supervised release. (Docket No. 790.) With credit for good time, Bennett is scheduled for release in April 2025 and has served more than half of his sentence. He is currently incarcerated at the Federal Prison Camp in Duluth, Minnesota ("FPC-Duluth").

**DISCUSSION**

The First Step Act allows the Court to order a defendant's release for "extraordinary and compelling reasons." Id. § 3582(c)(1)(A)(i).  Such reasons include a terminal illness, "a serious physical or medical condition," or other condition "that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility." U.S.S.G. § 1B1.13, cmt. n.1(a)(ii).  Bennett suffers from Type 2 diabetes and is obese, with a body mass index approaching 40.  He has high blood pressure, hyperlipidemia, and hyperthyroidism.

Bennett asserts, and the Government does not dispute, that he submitted a request for release to the Warden on April 2, 2020.  Although the Bureau of Prisons found that Bennett was at high risk of complications from COVID-19 (Docket No. 1012 at 1), the Warden declined Bennett's compassionate-release request.  Bennett has thus established that he complied with the First Step Act's exhaustion requirements.  18 U.S.C. § 3582(c)(1)(A).

Recent guidance from the Centers for Disease Control (CDC) make clear that those suffering from diabetes and obesity are at increased risk of severe complications from COVID-19.  Centers for Disease Control and Prevention, Coronavirus Disease 2019 (COVID-19), People of Any Age with Underlying Medical Conditions, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last visited July 6, 2020).  In addition, four inmates at FPC-Duluth have tested positive for the virus, out of only 39 inmates tested at that facility.  Federal Bureau of Prisons, COVID-19 Inmate Test Information, https://www.bop.gov/coronavirus/ (last

2

visited July 6, 2020).  The total population of FPC-Duluth is 354, and thus the BOP has tested only 10% of the population for the virus, with more than 10% of those testing positive for the virus.  Federal Bureau of Prisons, FPC Duluth, https://www.bop.gov/ locations/institutions/dth/  (last visited July 6, 2020).  Bennett's health and the presence of the virus in his facility constitute "extraordinary and compelling reasons" for the Court's reconsideration of his sentence.  18 U.S.C. § 3582(c)(1)(A)(i).

The Court then considers whether the general sentencing factors in § 3553(a) warrant a reduction in sentence.  Although the instant offense included an enhancement for firearms found in his vehicle, Bennet's criminal history is not a violent one.  Rather, it is reflective of his struggles with drug addiction and his traumatic upbringing.  He fully accepted responsibility for the offense.  He has participated in drug treatment and has made other attempts to better himself while in prison.  Contrary to the Government's assertion, the Court does not believe that Bennett poses a danger to the community.  The § 3553(a) factors warrant a reduction in Bennett's sentence to time served.

The First Step Act contemplates the Court imposing "a term of . . . supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment."  Id. § 3582(c)(1)(A).  Bennett requests release to supervision to an address in Fridley, Minnesota.  But the Probation Office has not yet evaluated the release plan he proposes.  The Court will thus grant his release subject to the development of, and Probation's approval of, an appropriate release plan.

**CONCLUSION**

Accordingly, **IT IS HEREBY ORDERED that**:

1. Bennett's Motion for Compassionate Release (Docket No. 996) is **GRANTED**;

2. Bennett's Motion to Seal (Docket No. 1013) is **GRANTED**;

3. Bennett's sentence of 135 months' imprisonment is **REDUCED** to time served under 18 U.S.C. § 3582(c)(1)(A);

4. Bennett shall be placed on supervised release and the Court re-imposes the terms and conditions of supervised release as set forth in the December 30, 2016, Judgment (Docket No. 790), subject to any additional conditions the U.S. Probation Office may recommend;

5. Bennett's release plan shall be approved by the U.S. Probation Office to ensure that it takes into account both Defendant's health and safety as well as that of the community to which he will be released; and

6. The execution of this Order may be stayed for up to ten days to allow the Bureau of Prisons and the U.S. Probation Office to make the necessary arrangements for Bennett's release.

Dated: <u>July 6, 2020</u>

*s/ Paul A. Magnuson*
Paul A. Magnuson
United States District Court Judge
